IN the MATTER OF the SHERMAN B. SMITH
FAMILY TRUST:

FIRST WISCONSIN NATIONAL BANK OF
OSHKOSH, Appellant,

v.

CIRCUIT COURT FOR FOND DU LAC COUNTY,
the Hon. John W. Mickiewicz, Presiding, Respondent.

Court of Appeals

*No. 91-1462. Submitted on briefs January 10, 1992.—Decided
February 12, 1992.*

(Also reported in 482 N.W.2d 118.)

On behalf of the appellant, the cause was submitted on the brief of *Michael P. Fortune* of *Fortune Law Office, S.C.* of Fond du Lac.

On behalf of the respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *James H. McDermott,* assistant attorney general.

Before Brown, Anderson and Snyder, JJ.

SNYDER, J.   First Wisconsin National Bank of Oshkosh ("First Wisconsin" or "the bank") appeals from an order which refused to allow the bank to resign as trustee of a testamentary family trust and to appoint a successor trustee. We hold that it was within the trial court's discretion to make these determinations and that the court did not abuse that discretion. We therefore affirm the order.

Sherman B. Smith died in 1983. His will created two trusts, a marital trust and a family trust. The marital trust was typical in nature, granting Smith's widow unlimited rights of invasion of it. Until her death or remarriage, the family trust was to be a "sprinkling trust," authorizing distributions of both income and principal to her and the children. The will named the National Exchange Bank as trustee of both trusts. In 1988, with the consent of all interested parties, the National Exchange Bank withdrew as trustee. The court appointed First Wisconsin successor trustee of both trusts.

In 1991, First Wisconsin announced its resignation as trustee of the family trust. It petitioned the circuit court to appoint a successor trustee for the family trust and for approval of all accounts. In the petition, the bank stated:

> That petitioner [the bank] is desirous of and has resigned as the Trustee of the aforementioned Sherman B. Smith Family Trust; that the beneficiaries of said trust have consented to the resignation; that Mike P. Fortune has agreed to act as successor Trustee; that petitioner consents to the appointment of Mike P. Fortune as successor Trustee.

All interested parties, including Smith's widow, consented to the bank's resignation and Attorney Fortune's appointment as successor trustee.

The petition stated no reason for the resignation or requested appointment and no one from the bank appeared at the hearing on the petition to explain its request or to verify the accounts. Concluding that the children were attempting to expedite an early distribution of the family trust and thus were seeking a trustee with a "more liberal attitude about principal distribu-

tions," the court refused to appoint Attorney Fortune or to allow the bank to resign. The bank appeals from that decision. More facts will be stated where necessary.

The issue on appeal is whether the trial court abused its discretion in disallowing the bank's resignation as trustee of the family trust and refusing to appoint Attorney Fortune as successor trustee. A threshold question, however, is whether the court had any discretion to exercise in the matter. Article Eight of the will provides in relevant part:

> The Personal Representative and Trustee are empowered to do all things necessary or convenient for the orderly administration of the trust or trusts created hereunder *without obtaining the approval of any court.* Without limiting this general power, it shall include the following powers and discretions in addition to those provided by law:
>
> . . ..
>
> V. *To resign upon giving written notice* to all competent income beneficiaries together with a final account. *In such event, a majority of such persons shall select a successor fiduciary.* [Emphasis added.]

The bank argues that the court had no power to deny the petition because the will provides that the trustee may resign and a successor may be selected "without obtaining the approval of any court." In some cases, however, the words of a will putting the acts of the trustees beyond review are not to be taken literally. *Estate of Teasdale,* 261 Wis. 248, 261, 52 N.W.2d 366, 372 (1952). We conclude this is such a case. Thus, despite the language of the will, this argument fails.

In support of its position, the bank quotes the portion of sec. 701.18(1), Stats., which states that a trustee

"may resign in accordance with the terms of the creating instrument." The bank fails to quote the statute in its entirety, however. Section 701.18(1) reads in full:

> A trustee may resign in accordance with the terms of the creating instrument *or* petition the court to accept his resignation and the court *may,* upon notice and hearing, discharge him from further responsibility for the trust upon such terms and conditions as are necessary to protect the rights of the beneficiaries and any cotrustee. *In no event shall a testamentary trustee be discharged from further responsibility except as provided in s. 701.16(6).* [Emphasis added.]

Section 701.16(6), Stats., provides:

> No testamentary trustee . . . shall be discharged from further responsibility with respect to a testamentary trust *until the court is satisfied* upon notice and hearing that the requirements of this section have been met *and* it has received satisfactory proof that the trust property has been turned over to a successor . . . trustee . . .. [Emphasis added.]

Thus, the bank's petition seeking approval of the accounts and appointment of a successor trustee necessarily implicated the matter of the bank's resignation. Consequently, although the will provided that the bank could resign without court approval, filing the petition triggered the second clause of sec. 701.18(1) and invoked the jurisdiction of the court. We conclude that just as a petition for the removal of a testamentary trustee is addressed to the sound discretion of the trial court, *Estate of Gehl,* 5 Wis. 2d 91, 96, 92 N.W.2d 372, 376 (1958), so is a petition regarding the resignation of a testamentary trustee.

Similarly, we also reject the bank's argument that under the will the court had no discretion whether or not to appoint a successor trustee selected by a majority of the competent income beneficiaries. The trust document does not state that the *appointment* of a successor can be effected without court approval. Rather, it simply provides that a majority of the competent income beneficiaries shall *select* a successor trustee.

Section 856.29, Stats., directs that letters of trust be issued to the trustee. Section 856.23, Stats., provides that a person is not entitled to receive letters if the court deems the person "unsuitable for good cause shown." This contemplates an exercise of discretion by the court. Accordingly, we conclude the instrument should be read as permitting the beneficiaries to nominate a trustee, but that the nomination is subject to approval by the court. Consequently, whether to permit Attorney Fortune's appointment as successor trustee also was within the court's discretion.

We now examine whether the determination to deny the petition represents a proper exercise of that discretion. The trial court disallowed the bank's resignation because:

> (1) No explanation has been presented for the Bank's resignation other than it has been tendered at the request of the family. (2) The court would not approve the retention of the Bank's role as the trustee of the Marital Trust and at the same time a resignation of the trustee in the Family Trust. As a matter of policy the same trustee should act in both the Marital and the Family Trusts. (3) Considering the attitude of the family, the prior litigation, and the complexities of the trusts, it is important that a com-

petent, neutral, and detached corporate trust department continue to act as trustee.

The trial court arrived at this decision after reviewing the history of the trusts. It noted that in 1988, before the current petition, Smith's children had sought a termination of their mother's interest in the family trust so they could receive their shares without waiting for her death or remarriage. Although the mother had given written consent at that time, the court denied the request. With the consent of all parties in interest, the National Exchange Bank then withdrew as trustee of both trusts. The court appointed First Wisconsin as successor trustee. Based on this history, the trial court concluded that:

> the family members, disgruntled with the court's 1988 decision, rejecting the widow's attempt to terminate her interest in the Family Trust so as to expedite an early distribution of that trust to the children, are seeking to find a trustee of the Family Trust who might have a more liberal attitude about principal distributions than the two banks that have been involved to date.

■ The trial court then explained that naming Attorney Fortune as successor trustee would present a conflict of interest, since Attorney Fortune had represented the family members who sought to get the mother's consent in approving her own termination, instigated the appeal, and acted as the family members' attorney in still another unsuccessful action seeking early termination of the family trust. These reasons constitute good cause for refusing to appoint Attorney Fortune as successor trustee and represent a proper exercise of discretion.

Having refused to appoint a successor trustee, the trial court also properly refused to allow the bank to withdraw as trustee. *See* sec. 701.16(6), Stats. The trial court's decision reflects a reasoned rationale because denying Attorney Fortune's appointment while permitting the bank's resignation would have left the trust without a trustee. Such was not the intent of the testator. We see no abuse of discretion.

*By the Court.*—Order affirmed.